UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2008 FEB 21  P 3:19

NOEL DÁVILA

, Plaintiff

— AGAINST —

COMPLAINT

"TRIAL BY JURY DEMANDED"

DATED: FEBRUARY 14, 2008.

REV. ANTHONY BRUNO   INDIVIDUAL/OFFICIAL CAPACITY
REV. MACK H. ELDER   INDIVIDUAL/OFFICIAL CAPACITY
MARY M. JOHNSON   INDIVIDUAL/OFFICIAL CAPACITY
MICHAEL P. LAJOIE   INDIVIDUAL/OFFICIAL CAPACITY
THERESA C. LANTZ   INDIVIDUAL/OFFICIAL CAPACITY
BRIAN GARNETT   INDIVIDUAL/OFFICIAL CAPACITY
JOHN SIEMINSKI   INDIVIDUAL/OFFICIAL CAPACITY

## PLELIMINARY STATEMENT:

THIS IS A CIVIL RIGHTS ACTION FILED BY A NOEL DÁVILA, INMATE # 212726. A STATE PRISONER FOR DAMAGES AND INJUCTIVE RELIEF UNDER 42. U.S.C. § 1983 AND UNDER 42 U.S.C. 12131 & 12132. ALLEDGING DENIAL OF FREE EXERCISE OF RELIGION, DELIBERATE REFUSAL TO RECOGNIZE AN ESTABLISHED NATIVE AMERICAN SECT. UNEQUAL TREATMENT OF A RECOGNIZE AND ESTABLISHED NATIVE AMERICAN SERVICES UNDER 42 USCA 2000 CC-1- PROTECTION OF RELIGIOUS EXERCISE OF INSTITUTIONALIZED PERSONS (INCLUDES PRISONERS) THE DISBANNING OF RELIGIOUS SERVICES OF AN ESTABLISHED AND RECOGNIZED NATIVE AMERICAN SERVICES IN SUPPORT OF ANOTHER NATIVE AMERICAN SECT. DENIAL OF SWEAT LODGE, A WEEKLY MEETTING (THE CIRCLE), THE STRAWBERRY FEAST AND CORN FEAST. RELIGIOUS DISCRIMINATION FAILURE TO PROVIDE INMATES, PLAINTIFF WITH A NATIVE AMERICAN ELDER ALL THESE YEARS. FAILURE TO PROPERLY SUPERVISE TRAIN

DICIPLINE STAFF, FAILURE TO CONDUCT A PROPER INVESTIGATION, ALL IN VIOLATION OF THE PLAINTIFF RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES UNDER THE FREE EXERCISES OF RELIGION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, UNDER THE RELIGIOUS LAND USED AND INCARCERATED PERSONS ACT. ( R L U I P A).

## JURISDICTION :

1- THIS COURT HAS JURISDICTION OVER THIS ACTION, UNDER 28 U.SC. § 1331 (3) AND 1343 (4). THE MATTER IN CONTROVERSY AROSE UNDER US.C. § 1983, § 1985, § 1986, § 1988, AIso THE AMERICAN WITH DISABILITY ACT. UNDER § 12131 & 12132 AND 42 USCA 2000CC-1 PROTECTION OF RELIGIOUS EXERCISE OF INSTITUTIONALIZED PERSONS (INCLUDES PRISONERS).

2- THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SEC. 1983 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED UNDER THE CONSTITUTION OF THE UNITED STATES.

3- THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF CLAIMS STATE TORT LAW UNDER 28 U.S.C. 1367.

4. PLAINTIFF CLAIMS FOR INJUCTIVE RELIEF IS AUTHORIZE BY 28 U.S.C. § 2283 AND § 2284.

5. VENUE PROPERLY LIES IN THIS DISTRICT PURSUANT TO 28 U.S.C. § 1391(b), BECAUSE THE EVENTS GIVEN RISE TO THIS ACTION OCCURRED AT CORRIGAN CORRECTIONAL CENTER, 986 NORWICH — NEW LONDON TPKE. UNCASVILLE, CT. 06382. IN CITY, STATE, WHICH IS LOCATED WITH THE DISTRICT OF STATE.

## PARTIES:

### PLAINTIFF

6. PLAINTIFF NOEL DAVILA WAS AN IS AT ALL TIMES RELEVANT HERETO A PRISONER, SERVING A 25 YEARS SENTENCE OF CONNECTICUT DEPARTMENT OF CORRECTIONS. PRESENTLY INCARCERATED AT COUNTY JAIL CORRIGAN CORRECTIONAL CENTER, 986 NORWICH - NEWLONDON TPKE., UNCASVILLE, CT. 06382.

### DEFENDANTS

7. DEFENDANT MARY M. JOHNSON, AT ALL TIMES RELEVANT HERETO AN STATE DEPARTMENT OF CORRECTION WITH THE RANK OF DIRECTOR OF PROGRAMS AND TREATMENT. SHE IS RESPONSIBLE FOR ENSURING FOR THE GENERAL PROVISIONS OF PROGRAMS AND TREATMENT TO ALL PRISONERS INCARCERATED IN THE STATE. SHE IS SUED IN HER "INDIVIDUAL" AND "OFFICIAL" CAPACITY. WHOSE ADDRESS IS: 24 WOLCOTT HILL ROAD, WETHERSFIELD CT. 06109.

8. DEFENDANT THERESA C. LANTZ, AT ALL TIMES RELEVANT HERETO AN COMMISSIONER OF THE STATE DEPARTMENT OF CORRECTION. SHE IS RESPONSIBLE FOR THE OVER ALL OPERATIONS OF CONNECTICUT PRISONS. SHE IS RESPONSIBLE FOR ENSURING FOR THE GENERAL PROVISIONS TO ALL PRISONERS INCARCERATED IN THE STATE. SHE IS SUED IN HER "INDIVIDUAL". AND "OFFICIAL" CAPACITY. 24 WOLCOTT HILL ROAD, WHETHESFIELD CT. 06109. (HER ADDRESS)

9. DEFENDANT ANTHONY BRUNO, AT ALL TIMES RELEVANT HERETO, AN STATE DEPARTMENT OF CORRECTION WITH THE RANK OF DIRECTOR OF RELIGIOUS SERVICES OF THE STATE DEPARTMENT OF CORRECTION. HE IS RESPONSIBLE FOR ENSURING FOR THE GENERAL PROVISIONS OF ALL RELI-GIOUS SERVICES TO ALL PRISONERS INCARCERATED IN THE STATE, WHOSE DU-TIES ARE BUT NOT LIMITED TO ENSURE SPIRITUAL COUNSELING, ADVISE AND PROVIDE AN NATIVE AMERICAN ELDER HERE AT CORRIGAN CO-

rrectional services, the sweat lodge, the weekly meeting (the circle ect.). He is legally responsible for the administering of native american teaching of all native american inmates who are not able to attend services, due to the fact that Corrigan Correctional Center does not provide with an eider for us. He is sued in his "INDIVIDUAL" and "OFFICIAL" capacity. Whose address is: 24 Wolcott Hill Road, Wethersfield CT. 06109.

10. Defendant MACK H. ELDER, at all times relevant hereto an state department of correction with the rank of Corrigan Correctional Center, is the lead correctional chaplin and holds a supervisory role over all chaplins at Corrigan Correctional Center. He is responsible for ensuring for the general provisions of all religious services to prisoners incarcerated in Corrigan Correctional Center. Whose duties are but not limited to ensure spiritual counseling, advise and to provide an native american elder here at Corrigan Correctional Center, which in fact we (inmates) do not have at all all these years). He is responsible for ensuring sweat lodge, weekly meetings (the circle), the strawberry feast and the corn feast. He is sued in his "INDIVIDUAL" and "OFFICIAL" capacity. Whose address is: Corrigan Correctional Center, 986 Norwich-Newlondon Tpke. Uncasville, CT. 06382.

11. Defendant MICHAEL P. LAJOIE, at all times relevant hereto an state department of correction with at the time with the rank of Corrigan Correctional Center as the lead warden. He is and was responsible for ensuring for the general provisions, for the supervision and dicipline of all correctional staff, prisoners, now including transfers. Now defendant Lajoie is the director of security for the D.O.C. and have held this position since approximately April 2007. He created an unconstitutional policy and custom and he was aware of the violation of plaintiff constitutional rights to religious services. He is sued in his "INDIVIDUAL" and "OFFICIAL" capacity. Whose address is: 24 Wolcott Hill Road, Wethersfield, CT. 06109.

12. DEFENDANT BRIAN GARNETT, AT ALL TIMES RELEVANT HERETO AN STATE DEPARTMENT OF CORRECTION WITH THE RANK OF DIRECTOR OF PROGRAMS AND TREATMENT. HE IS RESPONSIBLE FOR ENSURING FOR THE GENERAL PROVISIONS OF PROGRAMS AND TREATMENT TO ALL PRISO-NERS INCARCERATED IN THE STATE. HE IS SUED IN HIS "INDIVIDUAL" AND "OFFICIAL" CAPACITY. WHOSE ADDRESS IS: 24 WOLCOTT HILL ROAD WETHERSFIELD, CT. 06109.

13. DEFENDANT JOHN SIEMINSKI, AT ALL TIMES RELEVANT HERETO AN STATE DEPARTMENT OF CORRECTION WITH AT THE TIME WITH THE RANK AS THE NEW LEAD WARDEN OF CORRIGAN CORRECTIONAL CENTER. HE IS RESPONSIBLE FOR THE MANAGEMENT OF THIS FACILITY IN ACCORDANCE WITH THE POLICIES, PROCEDURES AND DIRECTIVES OF THE COMMISSIONER OF CORRECTION AS TO THE CUSTODY AND EMPLOY-MENT ISSUES, INCLUDING BUT NOT LIMITED IN THE GRIEVANCE PROCESS RE-LATED TO CUSTODY AND RELIGIOUS ISSUES. HE IS RESPONSIBLE FOR EN-SURING FOR THE GENERAL PROVISIONS, FOR THE SUPERVISION AND DICIPLINE OF ALL CORRECTIONAL STAFF, PRISONERS, INCLUDING TRANSFERS. HE CREA-TED AN CONTINUAL UNCONSTITUTIONAL POLICY AND CUSTOM AND HE WAS AWARE OF THE VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHTS, TO RE-LIGIOUS SERVICES. HE IS SUED IN HIS "INDIVIDUAL" AND "OFFICIAL" CAPACITY. WHOSE ADDRESS IS: CORRIGAN CORRECTIONAL CENTER, 986 NORWICH-NEWLONDON TPKE. UNCASVILLE CT. 06382.

14. DEFENDANTS' AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW BY DENYING PLAINTFF WITH A NATIVE AMERICAN ELDER, THE SWEAT LODGE, THE WEEKLY MEETINGS (THE CIRCLE), THE STRAWBERRY FEAST AND THE CORN FEAST. ALL DEFENDANTS' CREATED A VIOLATION IN ACCORDANCE WITH THE POLICIES, PROCEDURES AND DIRECTIVES OF THE DEPARTMENT OF CORREC-TION. DEFENDANTS' CREATED AN UNCONSTITUTIONAL POLICY AND CUSTOM AND WERE AWARE OF THE VIOLATION OF PLAINTIFF (INMATES') CONSTITUTIONAL RIGHTS TO RELIGIOUS SERVICES AND DID NOT

DO ANYTHING AT ALL TO CORRECT THE VIOLATION, STILL UNTIL PRESENT DATE OF HIS COMPLAINT.

## FACTS

15. I AM NATIVE AMERICAN AND I AM BEING DENIED A NATIVE AMERICAN ELDER, THE WEEKLY MEETINGS, (THE CIRCLE), THE STRANBERRY FEAST, THE CORN FEAST AND I AM BEING DENIED THE USE OF A SWEAT LODGE BY ALL DEFENDANTS' NAMED ON THE ABOVE COMPLAINT.

16. "THE SWEAT LODGE HAS A DEEP SPIRITUAL MEANING TO THE EXISTENCE OF THE NATIVE AMERICAN PEOPLE"

17. "THE SWEAT LODGE IS A "SACRED" PLACE, A PLACE OF "PRAYER." THE SWEAT LODGE IS USED FOR PURIFICATION OF THE SPIRIT."

18. THE SWEAT LODGE IS BOTH A "CEREMONIAL" PLACE AND A "DWELLING" PLACE.

19. ON MARCH 2ND 2006, PLAINTIFF WAS TRANSFER TO A COUNTY JAIL HERE AT CORRIGAN CORRECTIONAL CENTER.

20. ON MARCH 7TH, 2006, PLAINTIFF AGAIN FILLED A REQUEST FOR DESIGNATION OF RELIGION. A COPY OF THE REQUEST FORM IS ATTACHED HERETO AS EXHIBIT 1, 2, ALSO SEE EXHIBIT 3 AND 4 ATTACHED

21. THE PLAINTIFF HAS WROTE NUMEROUS LETTER TO DEFENDANT REV. MACK. ELDER, MICHAEL P. LAJOIE, THERE TO DISCUSS THE ISSUE REGARDING THAT THIS PRISON DOES NOT PROVIDE THE NATIVE AMERICAN WITH AN ELDER NOR THE SWEAT LODGE, THE CIRCLE, THE STRAWBERRY FEAST, NOR THE CORN FEAST.

<u>22</u>. THE DEFENDANTS' LAJOIE AND MACK H. ELDER DID NOT REPLY NOR ANSWER PLAINTIFF REQUEST AT THAT TIME.

<u>23</u>. THE PLAINTIFF THEREFORE WROTE LETTERS TO DEFENDANTS' JOHNSON, GARNETT, LANTZ AND BRUNO, TO EXPLAINED THEM THAT HE IS NOT BEEN PROVIDED WITH ALL HIS RELIGIOUS SERVICES. DEFENDANTS' FAILED TO GIVE THE PLAINTIFF A WRITTEN RESPONSE TO HIS COMPLAIN.

<u>24</u>. ON MARCH 23, 2007, ONE YEAR LATER PLAINTIFF WROTE TO DEFENDANT MACK H. ELDER ABOUT THE ONGOING DENIAL OF ALL MY RELIGIOUS SERVICES. ON THE SAME DATE DEFENDANT MACK H. ELDER REPLY TO PLAINTIFF REQUEST IN WHICH DEFENDANT MACK H. ELDER REPLY AS FOLLOWS: AS I TOLD YOU BEFORE WE ONLY HAVE SMUGGING SERVICE FOR NATIVE AMERICAN AT CORRIGAN. FORWARD ALL REQUEST TO THE DIRECTOR OF RELIGIOUS SERVICE. (A COPY OF THE REQUEST FORM IS ATTACHED HERETO AS EXHIBIT 5_____)

<u>25</u>. ON MARCH 23, 2007 ONE YEAR LATER, PLAINTIFF WROTE TO DEFENDANT MICHAEL P. LAJOIE ABOUT THE ONGOING DENIAL OF ALL MY RELIGIOUS SERVICES. ON MARCH 30, 07, A REPLY TO PLAINTIFF REQUEST WAS MADE BY DPTY. WARDEN MURDOCK STATING AS FOLLOWS: TO MY KNOWLEDGE WE ARE NOT IN VIOLATION OF OUR OBLIGATION THOUGH I SHALL FORWARD A COPY OF THIS TO DIRECTOR THE REVEREND ANTHONY BRUNO FOR ADVISE AND HIS RECCOMENDATION. IN THE INTERIM I SHALL PLACE YOU ON THE TRANSFER WAITING LIST. (A COPY IS ATTACHED OF THE REQUEST FORM AS EXHIBIT 6_____)

<u>26</u>. ON MARCH 3RD, 2007, ONE YEAR LATER, PLAINTIFF FILED A GRIEVANCE TO ADDRESS THE CONTINUAL DENIAL OF HIS RELIGIOUS SERVICES

<u>27</u>. ON APRIL 9TH, 2007 GRIEVANCE COORDINATOR WILKINS SENT

PLAINTIFF GRIEVANCE IGP NO. 140 07 048 WHICH HE FILED ON 3-7-07 BACK STATING AS FOLLOWS: "COMPROMISE" YOUR NAME WILL BE SUBMITTED FOR TRANSFER TO A FACILITY THAT CAN PROVIDE YOU WITH FULL RELIGIOUS SERVICES. (A COPY OF THE GRIEVANCE I.G.P. NO. 140 07 048 FORM IS ATTACHED HERETO AS EXHIBIT ___7___.)

28. THERE AFTER, PLAINTIFF HAS USED AGAIN THE PRISON GRRIE-VANCE PROCEDURE TO ADDRES THE CONTINUAL DENIAL OF HIS RELIGIOUS SERVICES. PLAINTIFF THEN FILED AN APPEAL ON 9-18, 2007 WITH I.G.P. NO. 140 07 048, THAT AGAIN HE STILL UNABLE TO EXERCISE HIS RELIGIOUS PRINCIPLES AND BELIEF. (A COPY OF THE GRIEVANCE APPEAL FORM B LEVEL 2 I.G.P. NO. 140 07 048 FORM IS ATTACHED HERETO AS EXHIBIT ___8___.)

29. DEFENDANTS' AND GRIEVANCE COORDINATOR WILKINS DID NOT REPLY TO PLAINTIFF FORM B LEVEL 2.

30. THERE AFTER, PLAINTIFF HAS USED AGAIN THE PRISON GRIEVANCE PROCEDURE TO APPEAL FORM B LEVEL 2. PLAINTIFF THEN FILED AN APPEAL ON JANUARY 2ND, 2008 WITH IGP. NO. 140 07 048 TO A LEVEL B, LEVEL 3. (A COPY OF THE GRIEVANCE APPEAL FORM B LEVEL 3 I.G.P. NO. 140 07 048 FORM IS ATTACHED HERETO AS EXHIBIT _9 AND._) ATTACHED LETTER SEEKING ASSISTANCE). EXHIBITS, 10, 11, 12, 13 AND 14

31. AGAIN DEFENDANTS' AND GRIEVANCE COORDINATOR WILKINS DID NOT REPLY TO PLAINTIFF FORM B. LEVEL 3.

32. THE ONLY ACTION THAT DEFENDANT, BRUNO, LAJOIE, JOHNSON, GARNETT, ELDER, LANTZ AND SIEMINSKI WITH RESPECT TO PLAINTIFF REQUEST TO PROVIDE HIM WITH HIS NATIVE AMERICAN ELDER AND SERVICES, NEITHER ONE OF THEM COME TO PLAINTIFF AID.

33. Despite plaintiff continued and wrote letters to defendants', LaJoie, Bruno, Johnson, Elder, Sieminski, Garnett and Lantz neither of them come to plaintiff aid.

34. As a result of the continual deprivation as a extensive and extreme unconstitutional violation all these years plaintiff has not been able to exercise and practice his principles and beliefs. But to this day plaintiff suffers from?

35. On information and belief, when a prisoner files a grievance, the grievance staff call the matter to the attention of those individuals responsible for the matter that the grievance concerns.

36. Defendant Bruno, LaJoie, Elder, Johnson, Sieminski, Lantz and Garnett refused to do anything and denied the plaintiff his religious services and a Native American elder none the less give full religious services to other religions here at Corrigan Corr. Ctr. The hallmark of discrimination

37. After years of continual denial of plaintiff religious services and to a Native American elder, however the plaintiff got no relief from defendant Bruno, Elder, LaJoie, Lantz, Garnett, Sieminski and Johnson. A clear violation of in accordance with the policies, procedures and directives of the Department of Correction standars.

38. The plaintiff is a qualified individual with a disability, who, with or without reasonable accommodation, can perform the essential functions. And if transfer to have reasonable accomodation in making existing facilities used by inmates readily accessible to and usable by individuals with disabilities.

39. DEFENDANTS' BRUNO, ELDER, LAJOIE, SIEMINSKI, JOHNSON, LANTZ AND GARNETT TOOK NO ACTION ON plaintiff COMPLAINT OF NOT RECEIVING A NATIVE AMERICAN EIDER AND TO A FULL Religious SERVICES. DESPITE plaintiff REPEATED REQUESTS, GRIEVANCES. DEFENDANTS' BRUNO, LAJOIE, GARNETT, JOHNSON, LANTZ, SIEMINSKI AND EIDER REFUSE TO ARRANGE FOR plaintiff TO HAVE A NATIVE AMERICAN EIDER AND TO A FULL Religious SERVICES AND ACTIVELY CONSPIRE AND PARTICIPATED AMONG EACH OTHER. A VIOLATION OF THE UNITED STATES CONSTITUTION AND THE AMERICAN WITH DISABILITY ACT.

40. THE plaintiff HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES AFFORDED TO HIM TO TRY TO REMEDY THIS PROBLEM.

## IN GENERAL

41. IN GENERAL DEFENDANTS', BRUNO, LAJOIE, ELDER, LANTZ, JOHNSON, SIEMINSKI, GARNETT IGNORED THE Religious SERVICES (NATIVE AMERICAN) NEEDS OF PRISONERS AND PARTICULARY NEGLECTED THOSE OF plaintiff.

42. AS A RESULT OF DENIAL OF Religious SERVICES TO plaintiff HE SUFFERED, MENTAL ANGUISH, MENTAL PAIN, EMOTIONAL DISTRESS, PAIN ECT.

43. DESPITE REQUEST, LETTERS, GRIEVANCES, GRIEVANCES APPEAL, THE DEFENDANTS' REFUSED TO COMPLY WITH plaintiff REQUEST FOR HIS Religious SERVICES. A VIOLATION OF THE DUE PROCESS RIGHTS, EQUAL PROTECTION CLAUSE SUBJECTING plaintiff TO FURTHER ACTIVITIES IN PRISON. A CLEAR VIOLATION OF THE U.S. CONSTITUTION.

44. UPON INFORMATION AND BELIEF THE PLAINTIFF WAS DENIED A NATIVE AMERICAN ELDER, SWEAT LODGE, THE WEEKLY MEETINGS (THE CIRCLE), THE STRAWBERRY FEAST AND THE CORN FEAST. A FULL RELIGIOUS SERVICES PURSUANT TO DEFENDANTS' BRUNO, ELDER, LAJOIE, SIEMINSKI, JOHNSON, GARNETT AND LANTZ ORDERS AND DEPARTMENT OF CORRECTION GUIDE LINES POLICIES AND CUSTOM AND ACCORDANCE WITH THE PROCEDURES AND DIRECTIVES OF THE DEPARTMENT OF CORRECTION STANDARS, AND A VIOLATION OF U.S. CONSTITUTION, AND illegal DISCRIMINATION.

45. TO DATE THOSE DEFENDANTS' DID NOT NOR HAVE PROVIDED THE PLAINTIFF WITH HIS FULL RELIGIOUS SERVICES REQUEST.

46. DEFENDANTS' HAVE ACTED "MALICIOUSLLY" "SADISTICALLY" IN DELIBERATELY illegally DISCRIMINATED AGAINST THE NATIVE AMERICAN NATION PEOPLES IN DENYING PLAINTIFF (INMATES') WITH THEIR FULL RELIGIOUS SERVICES. A CLEAR VIOLATION OF illegal DISCRIMINATION, EQUAL PROTECTION CLAUSE, DUE PROCESS AND A VIOLATION OF THE U.S. CONSTITUTION.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION — EQUAL PROTECTION

47. PARAGRAPHS 1 THRU 46 ARE INCORPORATED HEREIN BY REFERENCE AS THOUGH PLEADED HEREIN IN FULL.

48. THE ACTIONS OF THE DEFENDANTS' BRUNO, ELDER, LAJOIE, SIEMINSKI, JOHNSON, LANTZ AND GARNETT WHEN THEY DENIED THE PLAINTIFF WITH A NATIVE AMERICAN ELDER, SWEAT LODGE, THE WEEKLY MEETINGS (THE CIRCLE), THE STRAWBERRY FEAST AND THE CORN FEAST, WHICH IS PART OF PLAINTIFF FAITH, PRINCIPLES AND BELIEF

System Violated strict scrunity clause of the equal protection law of the fourteenth and fifth amendment to the United States Constitution.

## ❖. SECOND CAUSE OF ACTION - EQUAL PROTECTION

49. Paragraphs 1 thru 46 are incorporated herein by reference as though pleaded herein in full.

50. The actions of defendants' Johnson, Sieminsky, Lantz, Garnett, Bruno, Lajoie and Elder when they made rules, policies that lead to the denial of native american elder, religious services, which in turn resulted in no religious activity(ies) for the native american nation peoples, members and also the refusal denial of the hiring of an elder for chaplin positions to the native americans to provide the sweat lodge, weekly services, (the circle), the strawberry feast and the corn feast violated the strict scrunity clause of the equal protection law of the fourteenth and fifth amendment of the United States Constitution.

## THIRD CAUSE OF ACTION — DUE PROCESS

51. Paragraphs 1 thru 46 are incorporated herein by reference as though pleaded herein in full.

52. The actions of defendants', Bruno, Garnett, Elder, Johnson, Sieminski, Lajoie and Lantz when subjected the plaintiff and deprived him from religious activities in prison, when they made rules, policies that lead to the denial of native american elder, religious services, which in turn resulted in no religious activities for the native american nation peoples, members and also the refusal denial of the hiring of an elder for chaplin positions to the native americans to provide the sweat lodge, weekly services, (the circle), the strawberry feast and the corn

FEAST VIOLATED THE STRICT SCRUNITY CLAUSE OF THE DUE PROCESS CLAUSE AND LAW OF THE FOURTEENTH AND FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## FOURTH CAUSE OF ACTION - FREE EXERSISE OF RELIGION

53. PARAGRAPHS 1 THRU 46 ARE INCORPORATED HEREIN BY REFERENCE AS THOUGH PLEADED HEREIN IN FULL.

54. THE ACTIONS OF DEFENDANT LAJOIE, GARNETT, BRUNO, LANTZ, JOHNSON, ELDER AND SIEMINSKI WHEN THEY FAILED TO PROUIDED NATIVE AMERICAN SERVICE FOR THE PLAINTIFF AND OTHER INMATES' IN CORRIGAN CORRECTIONAL CENTER FACILITY VIOLATED THE FREE EXERSISE OF RELIGION CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.

## FIFTH CAUSE OF ACTION - FREEDOM OF RELIGION

55. PARAGRAPHS 1 THRU 46 ARE INCORPORATED HEREIN BY REFERENCE AS THOUGH PLEADED HEREIN IN FULL.

56. THE ACTIONS OF DEFENDANTS' LANTZ, JOHNSON, GARNETT, BRUNO, LAJOIE, SIEMINSKI AND ELDER WHEN THEY FAILED TO CONDUCT PROPER INVESTIGATION OF INMATES' INCLUDING PLAINTIFF OF UNPROFFESIONAL CONDUCT FAILED TO PROPERLY TRAIN, INVESTIGATE THE CONTINUAL DENIAL OF A NATIVE AMERICAN EIDER, SWEAT LODGE, THE WEEKLY SERVICES, THE STRAWBERRY FEAST AND THE CORN FEAST. THIS UNPROFFESIONAL CONDUCT WHICH LEAD TO THE VIOLATION OF THE PLAINTIFF AND INMATES' RELIGIOUS FREEDOMS, VIOLATED THE PLAINTIFF RIGHTS UNDER THE FREEDOM OF RELIGION CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.

## SIXTH CAUSE OF ACTION - FREEDOM OF RELIGION

57. PARAGRAPHS 1 THRU 46 ARE INCORPORATED HEREIN BY

REFERENCE AS THOUGH PLEADED HEREIN IN FULL.

<u>58.</u> THE ACTIONS OF DEFENDANTS, BRUNO, JOHNSON, LANTZ, GAR- NETT, LAJOIE, SIEMINSKI AND ELDER WHEN THEY FAILED AND/OR INSTRUCT EACH AS SUPERVISORS THAT THE PLAINTIFF NEEDED A NATIVE AMERICAN ELDER AND HIS FULL RELIGIOUS SERVICE CONSISTENT WITH THE NATIVE AMERICAN PEOPLES NATION LAWS AND CONTINUOSLY PASSED THE PLAINTIFF ISSUE BACK AND FORTH AMONGST ONE ANO- THER VIOLATED THE PLAINTIFF RIGHTS TO FREEDOM OF RELIGION IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONS- TITUTION AND illEGAL DISCRIMINATION

<u>59.</u> THE PLAINTIFF HAS NO PLAIN ADEQUATE OR COMPLETE REME- DY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAVE BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS', UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUCTIVE RELIEF WHICH PLAINTIFF SEEKS.

# <u>RELIEF REQUESTED</u>

WHEREFORE PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT GRANTING THE PLAINTIFF:

1. A DECLARATORY JUDGEMENT THAT THE DEFENDANTS' ACTS, POLICIES AND PRACTICES DESCRIBED HEREIN VIOLATES PLAINTIFF RIGHTS UNDER THE UNITED STATES CONSTITUTION.

2. A PRELIMINARY AND PERMANENT INJUCTIVE WHICH:
   A. REQUIRES DEFENDANTS' LANTZ, JOHNSON, GARNETT, ELDER, SIEMINSKI, LAJOIE AND BRUNO TO ALLOW THE PLAINTIFF TO PRACTICE HIS RELIGIOUS PRINCIPLES AND BELIEF.

B. REQUIRE DEFENDANT BRUNO, LANTZ, JOHNSON, GARNETT, SIEMINSKI, ELDER AND LAJOIE TO HIRED A NATIVE AMERICAN ELDER HERE AT CORRIGAN CORRECTIONAL CENTER AND TO ALLOW HIM/HER MINISTER TO CONDUCT SERVICES i.e NATIVE AMERICAN STUDIES CLASSES THE SAME MANNER IN WHICH OTHER RELIGIOUS SERVICE IN THE CT. DEPT. OF CORRECTION ARE CONDUCTED.

C. REQUIRE DEFENDANTS' JOHNSON, LANTZ, GARNET, ELDER, LAJOIE, SIEMINSKI AND BRUNO TO ALLOW THE PLAINTIFF TO PURCHASE HIS RELIGIOUS ARTICLES FROM OUTSIDE VENDOR THAT COMMISSARY DOES NOT CARRY.

D. REQUIRE DEFENDANTS' JOHNSON, LAJOIE, ELDER, BRUNO, GARNETT, BRUNO AND SIEMINSKI TO ALLOW THE BELIEVERS OF THE NATIVE AMERICAN PEOPLES NATION TO PROVIDE AND PARTAKE AND CONDUCT THE STRAWBERRY FEAST AND CORN FEAST CE-LEBRATION.

E. REQUIRE DEFENDANTS' ELDER, LANTZ, BRUNO, GARNETT, LAJOIE, SIEMINSKI AND JOHNSON TO PROVIDE THE PLAINTIFF, INMATES' THE RELIGIOUS SWEAT LODGE THAT IS PART OF THE NATIVE AMERICAN PEOPLES NATION LAWS.

F. REQUIRE THIS HONORABLE COURT TO ASSUME JURISDICTION OVER THIS MATTER JOINTLY AND SEVERALLY, AGAINST ALL NAMED DEFENDANTS'.

G. REQUIRE DEFENDANTS' LANTZ, BRUNO, SIEMINSKI, JOHNSON, LAJOIE, ELDER AND GARNET ISSUE, ENTER IMMEDIATE ORDER TO SHOW CAUSE ON ALL DEFENDANTS' AS TO WHY SAID PRELIMINARY INJUCTION SHOULD NOT ISSUE AND ENTER IMMEDIATE PRELIMINARY INJUCTION

TO PROVIDE PLAINTIFF WITH A FULL RELIGIOUS SERVICE.

H. AWARD PLAINTIFF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

I. AWARD PLAINTIFF SUCH ADDITIONAL RELIEF AS MAY BEE DEEMED APPROPRIATE TO THIS HONORABLE COURT, PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 54(d);

J AWARD PLAINTIFF ANY AND ALL OTHER RELIEF, EITHER TEMPO-RARY AND OR PERMANENT, INCLUDING APPROPRIATE INJUCTIONS ENJOINING DEFENDANTS' FROM ENFORCING ALL DETERMINED UNCONSTITUTIONAL POLICIES, PRACTICES, PROCEDURES AND/OR THE DEVELOPMENT OF REMEDIAL PLANS ADDRESSING EACH CONS-TITUTIONAL CONDITION;

K. AWARD PLAINTIFF ANY AND ALL RELIEF, INCLUDING ANY OTHER RELIEF PLAINTIFF MAY HAVE NEGLECTED TO ASK FOR, LEGAL OR EQUITABLE, AS THIS HONORABLE COURT MAY DEEM NECE-SSARY AND APPROPRIATE.

3. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOU-NTS:

A- 200,000 (TWO HUNDRED THOUSAND DOLLARS) JOINTLY AND SEVERALLY AGAINST DEFENDANT BRUNO, EIDER, JOHNSON, SIEMINSKI, GARNETT, LAJOIE AND LANTZ FOR DENYING THE PLAINTIFF FROM PRACTICING AND TO EXERCISE HIS PRINCI-PLES, BELIEFS AND FAITH AS A NATIVE AMERICAN DUE TO THE FACT THAT THEY PROVIDE FULL RELIGIOUS SERVICES FOR ANOTHER RELI-GIOUS GROUPS.

B- 250,000 (TWO HUNDRED AND FIFTY THOUSAND DOLLARS) JOINTLY

AND SEVERALLY AGAINST DEFENDANT BRUNO, ELDER, LAJOIE, GARNETT, SIEMINSKI, JOHNSON AND LANTZ FOR DISSOLVING AND BANNING NATIVE AMERICAN PEOPLES NATION RELIGIOUS SERVICES FOR THE CONNECTICUT DEPT. OF CORRECTIONS INMATES' HERE AT CORRIGAN CORRECTIONAL CENTER, INCLUDING THE PLAINTIFF.

C. 150,000 (A HUNDRED AND FIFTY THOUSAND DOLLARS) JOINTLY AND SEVERALLY AGAINST DEFENDANT BRUNO, LANTZ, JOHNSON, ELDER, GARNETT, LAJOIE AND SIEMINSKI FOR FAILING TO HIRED A NATIVE AMERICAN ELDER TO CONDUCT SERVICES AND

FOR FAILING TO PROPERLY TRAIN, DICIPLINE FOR FAILING TO CONDUCT PROPER INVESTIGATION IN THE PLAINTIFF ALLEGATIONS REGARDING HIS RELIGIOUS SERVICES SINCE MARCH 2ND, 2006.

D. 50,000 (FIFTY THOUSAND DOLLARS) JOINTLY AND SEVERALLY AGAINST DEFENDANT, ELDER, BRUNO, LANTZ, SIEMINSKI, GARNETT, JOHAN JOHNSON AND LAJOIE FOR THE EMOTIONAL INJURY FOR DENYING THE PLAINTIFF HIS RELIGIOUS STRAWBERY FEAST AND CORN FEAST.

E. 100,000 (A HUNDRED THOUSAND DOLLARS) JOINTLY AND SEVERALLY AGAINST DEFENDANT LANTZ, ELDER, GARNETT, LAJOIE, JOHNSON, SIEMINSKI AND BRUNO FOR THE MENTAL ANGUISH, MENTAL PAIN, EMOTIONAL DISTRESS, PAIN, INJURY FOR DENYING THE PLAINTIFF HIS SWEAT LODGE, THE WEEKLY MEETTINGS (THE CIRCLE SINCE MARCH 2ND 2006 TO THE PRESENT DAY OF HIS COMPLAINT.

F. 100,000 (A HUNDRED THOUSAND DOLLARS) AGAINST EACH DEFENDANT BUND, ELDER, JOHNSON, LAJOIE, SIEMINSKI, GARNETT,

AND LANTZ IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY FOR THE EMOTIONAL INJURY RESULTING FROM DEFENDANTS' ILLEGAL DISCRIMINATION AND CONTINUOS NEGLECTING AND IGNORED PLAINTIFF SUBMITTED REQUESTS, GRIEVANCE, GRIEVANCES APPEAL TO OBTAIN A NATIVE AMERICAN ELDER AND HIS FULL RELIGIOUS SERVICES REQUIRED BY THE UNITED STATES CONSTITUTION.

4. <u>PUNITIVE</u> DAMAGES IN THE FOLLOWING AMOUNTS

<u>A</u>. 50,000 EACH AGAINST DEFENDANT, JOHNSON, LANTZ AND GARNETT AND LAJOIE.

<u>B</u>. 40,000 EACH AGAINST DEFENDAN SIEMINSKI

<u>C</u>. 100,000 EACH AGAINST DEFENDANT BRUNO AND ELDER.

<u>5</u>. PROHIBIT DEFENDANTS' AND THEIR AGENTS EMPLOYEES SUCCESSORS IN INTEREST AND All OTHER PERSONS IN ACTIVE CONCERT OR PARTICIPATION WITH THEM FROM HARRASSING, THREATENING, PUNISHING OR RETALIATING IN ANY WAY AGAINST THE PLAINTIFF BECAUSE HE FILED THIS SUIT.

<u>6</u>. " <u>TRIAL BY JURY</u>."

<u>7</u>. PLAINTIFF COST OF THIS SUIT.

<u>8</u>. THE PLAINTIFF HAS NOT BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION.

-19-
OF
19

-9- SUCH OTHER AND FURTHER RELIEF THIS COURT MAY
DEEM JUST PROPER AND EQUITABLE.


DATED ON: _2-14-2008_          X _Noel Davila_
                                 NOEL DAVILA - PRO-SE
                                 CORRIGAN CORRECTIONAL CENTER
                                 986 NORWICH-NEWLONDON TPKE.
                                 UNCASVILLE, CT. 06382.



DECLARATION UNDER PENALTY OF PERJURY


PURSUAN TO 28 U.S.C. § 1746 AND 18. U.S.C. § 1621, I NOEL
DAVILA, INMATE # 212726, DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS "TRUE" AND "CORRECT" TO THE BEST
OF PLAINTIFF KNOWLEDGE AND BELIEF.



DATED ON: _2-14-2008._        X _Noel Davila_
                                 NOEL DAVILA - PRO-SE
                                 CORRIGAN CORRECTIONAL CTR.
                                 986 NORWICH-NEWLONDON TPKE.
                                 UNCASVILLE, CT. 06382.



ENCLOSURES: EXHIBITS ATTACHED _1_ THROUGH _14_

*EXHIBIT 1*



# Request for Designation of Religion
## Connecticut Department of Correction

CN 100801
REV 11/24/04

| | |
|---|---|
| Inmate name  NOEL DAVILA | Inmate no.  212726 |
| Facility  CORRIGAN C.I | Housing unit  A-121 |

In accordance with Administrative Directive 10.8, Religious Services, you are allowed to participate in collective religious activity with only one religion at a time.  You may change your religious designation once per ninety (90) days by submitting this request.  You will not be authorized to participate in collective religious activities with the newly requested religion until you have received a signed confirmation notice (attached below) from the Institutional Religious Facilitator or designee.

1.  I, ___NOEL DAVILA___ choose the following religion for collective religious activity.

**Circle one religion only**

| | | |
|---|---|---|
| Protestant (Christian) | Catholic (Christian) | Islamic |
| Jewish | (Native American) | Jehovah's Witness |

OR

2.   I choose the following religion, understanding that there is no collective religious activity for this faith group: _____.
                                        (Specify)

OR

3.   I do not wish to choose any religion at this time ☐

*Noel Davila  3-7-06*

Is this request a change of religion?     YES ☐     NO ☒

## DO NOT WRITE BELOW THIS LINE — FOR OFFICE USE ONLY
### CONFIRMATION NOTICE FOR CHOICE OF RELIGION

Has it been 90 or more days since the last request?   YES ☐   NO ☐
*The 90-day rule is waived for those inmates transferring to another facility.*

Is this request authorized?  YES ☐   NO ☐

If not authorized, explain why:

| Institutional Religious Facilitator/Designee Signature/Position | Date |
|---|---|

cc:   Inmate
      Inmate Master File
      Institutional Religious Facilitator File

*EXHIBIT 2*



# Request for Designation of Religion
## Connecticut Department of Correction

CN 100801
REV 11/24/04

| Inmate name NOEL DAVILA | Inmate no. 212726 |
|---|---|
| Facility CORRIGAN C.I | Housing unit F-121 |

In accordance with Administrative Directive 10.8, Religious Services, you are allowed to participate in collective religious activity with only one religion at a time.  You may change your religious designation once per ninety (90) days by submitting this request.  You will not be authorized to participate in collective religious activities with the newly requested religion until you have received a signed confirmation notice (attached below) from the Institutional Religious Facilitator or designee.

1. I, NOEL DAVILA _____ choose the following religion for collective religious activity.

   X  *Noel Davila*

   **Circle** one religion only

   Protestant (Christian)        Catholic (Christian)        Islamic

   Jewish        (Native American)        Jehovah's Witness

   OR

2. I choose the following religion, understanding that there is no collective religious activity for this faith group: _____.
   (Specify)
   OR

3. I do not wish to choose any religion at this time ☐

Is this request a change of religion?    YES ☐    NO ☐

---

### DO NOT WRITE BELOW THIS LINE — FOR OFFICE USE ONLY
### CONFIRMATION NOTICE FOR CHOICE OF RELIGION

Has it been 90 or more days since the last request?    YES ☐    NO ☐
*The 90-day rule is waived for those inmates transferring to another facility.*

Is this request authorized?    YES ☒    NO ☐

If not authorized, explain why:

| Institutional Religious Facilitator/Designee Signature/Position | Rev. ▮▮▮▮ Ellen | Date 10/5/06 |
|---|---|---|

cc:   Inmate
      Inmate Master File
      Institutional Religious Facilitator File

EXHIBIT 3



# Request for Designation of Religion
## Connecticut Department of Correction

CN 10080
REV 1/28/0.

| Inmate name | DAVILA, NOEL | Inmate no. | 212726 |
| Facility | CCI | Housing unit | A-210 |

In accordance with Administrative Directive 10.8, Religious Services, you are allowed to participate in collective religious activity with only one religion at a time. You may change your religious designation once per month by submitting this request. You will not be authorized to participate in collective religious activities with the newly requested religion until you have received a signed confirmation notice (attached below) from the Institutional Religious Facilitator or designee.

1.  I  _NOEL DAVILA #212726_  choose the following religion for collective religious activity.

### Choose only one

☒ Protestant (Christian)   ☐ Protestant (Spanish)   ☐ Catholic (Christian)

☐ Islamic   ☐ Jewish   ☑ Native American   ☐ Jehovah's Witness

OR

2.  I choose the following religion, understanding that there is no collective religious activity for this faith group: _____
(Specify)

OR

3.  I do not wish to choose any religion at this time  ☐

Is this request a change of religion?   YES ☐   NO ☐

---

## DO NOT WRITE BELOW THIS LINE — FOR OFFICE USE ONLY
### CONFIRMATION NOTICE FOR CHOICE OF RELIGION

Has it been 30 or more days since the last request?   YES ☑  NO ☐

Is this request authorized?   YES ☑  NO ☐

If not authorized, explain why:

| Institutional Religious Facilitator/Designee Signature/Position | _L. Patt Lee_ | Date | 1/2/04 |

Inmate
Inmate Master File
Institutional Religious Facilitator File

# MacDougall - Walker Correctional Institution
# INMATE REQUEST FORM

To: MARK Allen

EXHIBIT 4

HOUSING/UNIT/CELL _H-105_      DATE _6-30-04_

INMATE NAME _NOEL DAVILA_      NUMBER _212726_

REQUEST _PLEASE PLACE MY NAME ON THE LIST FOR THE SERVICES._

_THANK YOU!_

(CONTINUE ON BACK PAGE IF NECESSARY)

PREVIOUS ACTIONS TAKEN _____

(CONTINUE ON BACK PAGE IF NECESSARY)

SUBMITTED TO _Native American Chap_ DATE RECEIVED _7-20-04_

ACTED ON BY _____

ACTION TAKEN AND/OR RESPONSE _____

_You are cleared to attend Services. Please listen for the announcement for Services._

(CONTINUE ON BACK PAGE IF NECESSARY)

DATE OF RESPONSE TO INMATE_____

SIGNATURE OF STAFF MEMBER_____

(REVISED 6/2001)

EXHIBIT 5



## Inmate Request Form
### Connecticut Department of Correction

CN 9602
Rev. 9/3/02

**Inmate Name** NOEL DAVILA

**Inmate no.** 212726

**Facility** CORRIGAN C-I

**Housing unit** E-102

**Date** 3-23-07

**Submitted to** REV. MACK H. ELDER

**Request** THIS IS MY 12TH REQUEST REGARDING THAT I HAVE NOT BEEN ABLE TO ATTEND MY RELIGIOUS SERVICES SINCE 7/31/2006, WHILE OTHER RELIGIOUS SERVICES ARE HELD HERE EXCEPT THE NATIVE AMERICAN SERVICES AND I SPOKE WITH YOU ON OR ABOUT 6 TIMES REGARDING THIS RELIGIOUS ISSUES, I ALSO WROTE TO FATHER BRUNO AT WETHERS-FIELD AS YOU TOLD ME TO AND NO RESPONSE. PLEASE I NEED AN ANSWER. TO OFFICER WILKINS

CC· FILE· REV. ELDER                                     SINCERELY,

 ~~INMATE DAVILA~~                                        *Noel Davila*

 WARDEN LAJOIE.            (continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

**Acted on by (print name)**

**Title** IRF

**Action Taken and/or Response**

AS I TOLD YOU BEFORE WE ONLY

HAVE SMUSSING SERVICE FOR

NATIVE AMERICAN AT CORRIGAN.

FORWARD ALL REQUEST TO THE DIRECTOR ON

RELIGIOUS SERVICE

(continue on back if necessary)

**Staff Member Signature** *Rev. M. Elder*

**Date** MAR 23 REC'D

*EXHIBIT 6*



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 9/3/02

| | |
|---|---|
| Inmate Name  NOEL DAVILA | Inmate no.  212726 |
| Facility  CORRIGAN C.I. | Housing unit ~~102~~ |
| | Date  3-23-07 |

Submitted to  WARDEN M.R. LAJOIE

Request  I HAVE WROTE YOU NUMEROUS (10TH) TIMES CONCERNING THAT I HAVE NOT BEEN ABLE TO ATTEND MY RELIGIOUS SERVICES. I AM A NATIVE AMERICAN, I HAVE BEEN HERE CORRIGAN C.I. SINCE 3-2-2006 AND THIS FACILITY DOES NOT PROVIDE NATIVE AMERICAN SERVICES, WHILE OTHER RELIGIOUS SERVICES ARE HELD HERE EXCEPT THE CIRCLE AND SWEAT LODGE. I DID WROTE FATHER BRUNO AT WETHERSFIELD AND TO NO RESPONSE, AS YOU TOLD ME TO. I SPOKE WITH YOU (3) TIMES IN PERSON.

CC FILE INMATE DAVILA

WARDEN LAJOIE.

_(continue on back if necessary)_

SINCERELY,
Noel Davila

**Previous Action Taken**

RECEIVED
MAR 30 2007

_(continue on back if necessary)_

| Acted on by (print name)  Murdoc | Title  Acting Warden C.I. CC |
|---|---|

Action Taken and/or Response  To my knowledge we are not in violation of our obligation though I shall forward a copy of this (missive) to Director The Reverend Anthony Bruno for advice and his recommendation. In the interim I shall place you on the transfer waiting list.

_(continue on back if necessary)_

Staff Member Signature  Murdoc

Date  3.30.07

Rev Anthony Bruno
CCS Karen Davis
Capt Mark Verdone

EXHIBIT 7



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601/1
Rev. 10/07/02

Inmate Name  NOEL DAVILA                    Inmate no. 212726

Facility  CORRIGAN C.I.        Housing unit  E 102        Date 3-7-07

[X] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached. I WROTE TO WARDEN, MICHAEL P. LAJOIE, REV. EIDER, REV. BRUNO AT WETHERSFIELT CT. 06109. PLEASE ASK THEM WHY THEY NEVER PROVIDE ME WITH AN ANSWER. PLEASE ASK REV. EIDER.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.) I HAVE BEEN IN THIS COUNTY JAIL FACILITY FOR OVER A YEAR. I AM AN SENTENCE INMATE SERVING A 25 YEARS SENTENCE. SINCE I HAVE BEEN HERE AT CORRIGAN C.I., I HAVE NOT BEEN ABLE TO PRACTICE OR EXERCISE MY RELIGIOS SERVICES. I AM A NATIVE AMERICAN, THIS FACILITY DOES NOT PROVIDE THE SERVICES, THE CIRCLE NOR THE SWEAT LODGE I DON'T HAVE ANY SECURITY RISK NOR ANY STIPULATIONS.

3. **Action requested.** Describe what action you want taken to remedy the grievance. I WOULD APPRECIATE if A REMEDY CAN BE OFFER AT YOUR EARLIEST CONVINIENCE. SO I'LL BE ABLE TO PRACTICE MY RELIGIOUS PRINCIPLES AND BELIEFS. OR TRANFER TO A FACILITY THAT PROVIDE THE SERVICES.

Inmate signature  Noel Davila        3-7-07.

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

IGP no.  140 07 048            T no.

Date received 3·27·07    Disposition  COMPROMISE    Date of disposition 4-9-07

Grievance issue  RELIGIOUS SERVICES

Reasons  YOUR NAME WILL BE SUBMITED FOR TRANSFER CONSIDERATION TO A FACILITY THAT CAN PROVIDE YOU WITH FULL RELIGIOUS SERVICES.

Level 1 reviewer

TO% WARDEN JOHN SIEMINSKI.   COPY   EXHIBIT 8



## Inmate Grievance Form B, Levels 2 and 3
### Connecticut Department of Correction

CN 9601/2
Rev. 10/07/02

Inmate Name  NOEL DAVILA                    Inmate no. 212726

Facility  CORRIGAN CORR. CTR.   Housing unit  B-121   Date 9-18-07

☒ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency

IGP no.  14007048                T no.

Use this form to appeal a Level 1 decision.  Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form.  Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal.  I am appealing the Level 1 decision because:  I HAVE NOT BEEN ABLE TO GO TO MY NATIVE AMERICAN SERVICES, SWEAT LODGE, THE CIRCLE, DUE TO THE FACT THAT WE DO NOT HAVE AN EIDER TO PROVIDE US WITH THE SERVICES ALL THESE YEARS NOR I HAVE NOT BEEN TRANSFER OUT THIS FACILITY.

Inmate signature  Noel Davila                Date  9-18-07

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

Date received                Disposition                Date of disposition

Reasons



Level 2 reviewer

☐ This grievance may be appealed within 5 days to Level 3

☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal.  I am appealing the Level 2 decision because:



Inmate signature                                Date

### Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

Date received                Disposition                Date of disposition

Reasons



Level 3 reviewer

TO: WARDEN JOHN SIEMINSKI    EXHIBIT 1    COPY



## Inmate Grievance Form B, Levels 2 and 3
### Connecticut Department of Correction

CN 9601/2
Rev. 10/07/02

Inmate Name  NOEL DÁVILA                          Inmate no.  212726

Facility  CORRIGAN CORR CTR.    Housing unit  B-121    Date  JANUARY 2ND 2008.

☒ Line grievance  ☐ Line emergency  ☐ Health grievance  ☐ Health emergency

IGP no.  140 07 048                    T no.

Use this form to appeal a Level 1 decision.  Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form.  Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal.  I am appealing the Level ② decision because:  I DID NOT RECEIVE AN RESPONSE FROM my PRIOR level 2 APPEAL. please BE ADVISE THAT my level 1 GRIEVANCE WAS COMPROMISE TO TRANSFER me TO A FACILITY THAT WILL PROVIDE me WITH FULL RELIGIOUS SERVICES. (SEE ATTACHED level 1 grievance).

Inmate signature  Noel Davila                          Date  1-2-2008.

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|
| Reasons | | |

Level 2 reviewer

☐ This grievance may be appealed within 5 days to Level 3

☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal.  I am appealing the Level 2 decision because:

Inmate signature

Date

Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|
| Reasons | | |

Level 3 reviewer

*EXHIBIT 10*

*HABEAS CORPUS*

SUPERIOR COURT

S

MAY 14  12 26 PM '04

*HABEAS CORPUS*

DOCKET NO. CV-04-4422

NOEL DAVILA

     V.

WARDEN

:     SUPERIOR COURT

:     JUDICIAL DISTRICT OF TOLLAND
        AT ROCKVILLE

:

:     MAY 14, 2004

## MOTION TO DISMISS

The respondent moves to dismiss this action pursuant to Conn. Practice Book § 23-29(4), as the claims of the petitioner are moot. The respondent herewith notifies the Court that the petitioner was transferred from Garner CI to MacDougall CI, which has a sweat lodge. See record of inmate movement, attached hereto. The petitioner, Noel Davila, #212726, has, to the best of undersigned counsel's knowledge, available to him a sweat lodge at MacDougall CI. The claims raised concern Garner CI and no longer present a live case or controversy. Loisel v. Rowe, 233 Conn. 370, 378 (1995).

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." In re Romance M., 229 Conn. 345, 357, 641 A.2d 378 (1994). It is well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.... Loisel v. Rowe, 233 Conn. 370, 378, 660 A.2d 323 (1995)." (Internal quotation marks

**ORAL ARGUMENT NOT REQUESTED**
**NO TESTIMONY REQUIRED**



omitted.)  Conetta v. Stamford, 246 Conn. 281, 295, 715 A.2d 756 (1998).  Accordingly, because there is no practical relief  (since petitioner already has the relief he seeks), that can be afforded by a disposition of the merits of this case, the respondent's motion to dismiss should be granted.   See State v. Trantolo, 209 Conn. 169, 549 A.2d 1074 (1988).  See also Wylie v. Warden, 33 Conn. App. 902, 903, 632 A.2d 1133 (1993).  The claims raised in the petition have become moot. Accordingly, the motion to dismiss should be granted.

RESPONDENT
Warden

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Tel:  (860) 808-5450
Juris No. 85102
E-Mail:  steven.strom@po.state.ct.us

## ORDER

The foregoing Motion to Dismiss, having been duly considered, it is hereby ORDERED:

GRANTED / ~~DENIED~~

Subject to an objection
or request for hearing
by the petitioner

BY THE COURT

( White, J. ) 6/1/04
Judge / Assistant Clerk

Zenobia Graham

JDNO 6/2/04  pet cert and APPECO
notice also mailed  forms mailed to π. 760
760

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day of May, 2004:

Noel Davila, #212726
MacDougall – Walker CI
1153 East St. So.
Suffield, CT 06080

Steven R. Strom
Assistant Attorney General

EXHIBIT 11

LAW OFFICES OF

# FRANK J. RICCIO, LLC

P.O. BOX 491 • BRIDGEPORT, CT 06601-0491 - (203) 333-6135
TELECOPIER: (203) 333-6190

FRANK J. RICCIO*
FRANK J. RICCIO, II
———
*ADMITTED: CT & NY
BOARD CERTIFIED
CRIMINAL TRIAL ADVOCACY

OFFICE LOCATION:
923 EAST MAIN STREET
BRIDGEPORT, CT 06608-1914

February 4, 2008

Mr. Noel Davila
Inmate # 212726
Corrigan C.I.
986 Norwich-New London Tpke.
Uncasville, CT 06382

Dear Mr. Davila:

I am returning the material that you sent to me.

Unfortunately, my trial schedule is packed until at least the first week of September. I will have no time to devote to this whatsoever.

What needs to be done is a civil rights suit against the Department of Corrections. What I'm going to try to do for you is find a copy of a suit that's already been filed and send it up to you so you can conform your suit against them based upon your deprivation of your freedom of religion and whatever directives have been violated in the Department of Corrections Manual.

I wish I had the time to help you because it's an interesting type of suit, but time just does not permit it. I'm sorry. Good luck to you.

Very truly yours,

FRANK J. RICCIO

FJR/jvg
Enclosures

EXHIBIT 12

# NATIVE AMERICAN PRISONERS SUPPORT GROUP, INC.
## P. O. BOX 1331, Buena Vista, CO. 81211
### 719-395-3670   email: smaclawoff@earthlink.net
A 501(C)3 CORPORATION REGISTERED WITH THE STATE OF COLORADO
AND THE FEDERAL GOVERNMENT

FOR YOUR INFORMATION:

Most issues going to court regarding religious freedom will be judged under the "Religious Land Use and Institutionalized Persons Act". This Act reinstates the standard that was in RFRA (Religious Freedom Restoration Act) that was overturned by the Supreme Court. The RLUIPA is the standard by which CDOC's Administrative Regulations should be judged. The relevant text of the act is as follows:

<u>42 USCA 2000cc-1</u> — Protection of religious exercise of institutionalized persons (includes prisoners)

(a)  General Rule

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section1997 of this title, even if the burden results form a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person —

(1)  is in furtherance of a compelling government interest;

AND

(2)  is the least restrictive means of furthering that compelling governmental interest.

(b)  Scope of application

This section applies in any case in which —

(1)  the substantial burden is imposed in a program or activity that receives Federal financial assistance

OR

(2)  the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several states, or with Indian tribes.

EXHIBIT 13

# NATIVE AMERICAN PRISONERS SUPPORT GROUP, INC.
## P. O. BOX 1331, Buena Vista, CO. 81211
### 719-395-3670   email: smaclawoff@earthlink.net
A 501(C)3 CORPORATION REGISTERED WITH THE STATE OF COLORADO
AND THE FEDERAL GOVERNMENT

Noel Davila 212726
Garner Correctional Institution
50 Nunnawauk Road
POB 5500
Newtown, CT 06270

Dear Mr. Davila,

You do not mention in your letter what the security level of your facility is. In general states seem to be able to get away with denial of sweat lodges in maximum security facilities. Otherwise the law (federal) requires that they provide an opportunity for minority religious groups to practice their religion. This has been proven by lawsuit after lawsuit and is required by RLUIPA (the Religious Land Use and Incarcerated Persons Act) which makes specific mention of Native Americans. I will enclose a copy of this.

Our organization functions primarily in Colorado and therefore suggest that you contact some Native American group in your state. I am also enclosing some addresses in your area.

Good luck and keep up the good fight.2

Stay strong on the good red road.

Suzanne MacDonald
Coordinator/Attorney

**Native American Prisoners**
**Support Group, Inc.**
*Colorado*
A 501(c)3 charity registered with the
State of Colorado and the Federal Government

EXHIBIT
14

P.O. Box 1331
Buena Vista, CO 81211
(719) 395-3670

Noel Davila   #212726
Garner C.I.
P.O. Box 5500
Newtown, CT 06470

Dear Mr. Davila,

    Suzanne is not able to offer you assistance in
Connecticut, as she is admitted to the bar only in
Colorado, and only in the 10th circuit.

    It is illegal for an attorney to present some-
thing and not sign it under their own name.  Therefore,
we are returning your paperwork.

                    Sincerely,

                    Elly Fithian

                    Elly Fithian for
                    Suzanne MacDonald
                    Coordinator/Attorney