UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

v.

REV. ANTHONY BRUNO, ET AL.

PRISONER CASE NO.
3:08-cv-278 (SRU)

INITIAL REVIEW ORDER

Plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 (2000). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the court may dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

The plaintiff alleges that the defendants have deprived him of his right to practice his

religion by failing to provide him with a Native American Elder, refusing to permit him to participate in weekly meetings, the strawberry feast or the corn feast and denying him access to a sweat lodge. Pursuant to its review under 28 U.S.C. § 1915, the court concludes that the plaintiff has stated a cognizable federal claims for the denial of his right to free exercise of his religion under the First Amendment, the denial of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[1] and for the denial of his rights to equal protection and due process under the Fourteenth Amendment.

### Orders

The court enters the following orders:

(1)     The case shall proceed as to the claims described above. No other claim or defendant shall be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2)     **The Pro Se Prisoner Litigation Office shall** prepare the documents required for official capacity service on all defendants and deliver them to the U.S. Marshal Service. **The U.S. Marshals Service shall** serve the summons, a copy of the Complaint and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **ten (10) business days** of this order.

(3)     **Within ten (10) business days of this Order, the Pro Se Litigation Office shall** verify the current work addresses for the defendants and mail waiver of service of process request

---

[1] RLUIPA protects the religious exercise of institutionalized persons by prohibiting the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a).

packets to each defendant in his or her individual capacity at his current work address. On the thirty-fifth (35) day after mailing, the Pro Se Litigation Office shall report to the court on the status of those waiver requests. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** at Bridgeport, Connecticut this 7th day of July 2008.

                                                   /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge