```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

NOEL DAVILA
                                                            PRISONER CASE NO.
    v.                                              3:08cv278 (SRU)

ANTHONY BRUNO, ET AL.

## RULING ON PENDING MOTIONS

      Pending are the plaintiff's motions for appointment of counsel, for order to show cause, for exception and to attach supplemental exhibits.  For the reasons set forth below, the motions are denied.

      The plaintiff has filed a document entitled "Motion for Exception" in which he states that he understands that pro se complaints are held to less stringent standards.  The court liberally construes all papers submitted by pro se litigants and does not hold them to the same standard as a trained attorney.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  This practice, however, does not relieve plaintiff from the requirement that he must respond to all motions in accordance with the federal rules of practice and notices issued by the court.

      The plaintiff's motion for exception is granted to the extent that the court will construe plaintiff's papers liberally, just as it does all papers submitted by pro se litigants.

      Plaintiff seeks to file exhibits to document events that have occurred since the filing of the complaint.  Plaintiff states that he will be at a disadvantage at trial if he is unable to file these exhibits.  To the extent that plaintiff seeks to submit exhibits

to be offered at trial, the request is premature as the case has not yet been scheduled for trial.  To the extent that plaintiff seeks to file an amended complaint to add new allegations that have occurred since the filing of the complaint, the request is denied without prejudice.  If plaintiff chooses to move for leave to file an amended complaint, he must submit a proposed amended complaint with his motion.

The plaintiff seeks the appointment of pro bono counsel.  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff asserts that he contacted several attorneys or law firms seeking legal representation, but no attorney agreed to accept his case.  Plaintiff does not indicate that he has contacted the Inmates' Legal Assistance Program which is available to answer questions about discovery issues, research legal issues and draft motions and memoranda.

The plaintiff has not demonstrated that he is unable to secure legal assistance on his own.  The motion for appointment of counsel is denied without prejudice.

Plaintiff has filed a motion entitled "Motion Order to Show Cause."  He asks the court to issue an order to show cause directing the defendants to show cause why they should not be enjoined from providing "The Plaintiff's And Inmates' With, And

2

Full Religious Services For The Native American Nation."  Mot. Show Cause at 2.  Plaintiff has not filed a motion for preliminary injunction.  Furthermore, the case was not filed as a class action and the court has not designated it as such.

A non-attorney has no authority to appear as an attorney for others.  See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (internal citation omitted).  Nor can a pro se party represent the interests of a class.  See, e.g., Jolley v. Correctional Managed Health Care, No. 3:04cv1582(RNC), 2007 WL 2889469, at *1 (Sept. 27, 2007) (pro se litigants are not permitted to represent the interests of other class members).  Thus, plaintiff cannot assert claims on behalf of anyone other than himself.

Thus, the motion for order to show cause is denied without prejudice.  If plaintiff seeks injunctive relief, he may file a motion seeking such relief.  If after reviewing such a motion, the court determines that a response is necessary, the court will issue an order to show cause.

### Conclusion

The Motion for Appointment of Counsel **[doc. # 9]** is **DENIED** without prejudice.  Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to secure the assistance of counsel on his own.  The "Motion for Exception" [**doc. # 31**] is **GRANTED** to the extent that the court will construe plaintiff's

3

papers liberally, just as it does all papers submitted by pro se litigants.  The Motion for an Order to Show Cause [**doc. # 10**] is **DENIED** without prejudice.  The Motion to Attach Supplemental Exhibits [**doc. # 34**] is **DENIED.**

**SO ORDERED** at Bridgeport, Connecticut, this   29th    day of January 2009.

> */s/ William I. Garfinkel*
> William I. Garfinkel
> United States Magistrate Judge